# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| BRANDI R. HUNT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:20-CV-1882 SRW |
| ) | |
| KILOLO KIJAKAZI, ) | |
| Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Brandi R. Hunt's Motion for Attorney's Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF No. 32. On December 27, 2021, the Court reversed the Commissioner's decision and remanded Plaintiff's case for further proceedings. ECF Nos. 30, 31. Plaintiff now seeks attorney's fees in the amount of Six Thousand Five Hundred and Eighty-Two Dollars and Sixty-Three Cents ($6,582.63). This amount is based on multiplying 29.5 hours of attorney time by a rate of $223.14 per hour. Plaintiff requests compensation at the statutory hourly rate of $125.00 plus a cost-of-living adjustment, pursuant to 28 U.S.C. § 2412(d), for a total hourly fee of $223.14. Plaintiff requests the award be made payable to her attorney, David D. Camp, based upon the 'Fee Agreement and Assignment' that she previously executed. *See* ECF No. 32-3. She alternatively requests, if she has an outstanding debt owed to the federal government, that the award be made payable to her and mailed to her attorney.

The Commissioner filed a response which states he has no objection to Plaintiff's request for attorney's fees under the EAJA in the amount of $6,582.63 to be paid by the Social Security Administration. ECF No. 33. The Commissioner's response also states:

> In addition, Plaintiff requests reimbursement for the $402.00 filing fee. The filing fee is a cost which is distinguished from an expense under the EAJA, *see* 28 U.S.C. § 2412(a), and Defendant agrees that Plaintiff should be compensated for the filing fee of $402.00 from the Judgment Fund administered by the United States Treasury.

*Id.* Lastly, the Commissioner asserts "the EAJA fee is payable to Plaintiff as the litigant and may be subject to offset to satisfy a pre-existing debt that the litigant owes to the United States." *Id*.

The Court has reviewed Plaintiff's Motion for Attorney's Fees pursuant to the EAJA, and concludes the statutory requirements are met. By Order and Judgment of Remand dated December 27, 2021, the Court remanded this case to defendant Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). ECF Nos. 30, 31. A claimant seeking judicial review of a final decision denying Social Security disability benefits may recover attorney's fees if he or she receives a "sentence four" remand. *See Shalala v. Schaefer*, 509 U.S. 292, 295-96 (1993).

Attorney's fees may not be awarded in excess of $125.00 per hour – the maximum statutory rate under § 2412(d)(2)(A) – unless the Court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989). The hourly rate should be increased, however, where there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [$125] per hour," such as

2

the Consumer Price Index. *Johnson v. Sullivan*, 919 F.2d 503, 504-505 (8th Cir. 1990). In this case, Plaintiff has presented uncontested evidence of an increase in the cost of living. ECF Nos. 32-2 at 5, 32-4. The Court agrees with Plaintiff that a cost-of-living increase is appropriate as requested.

As Plaintiff prevailed and is not otherwise precluded from receiving attorney fees, the Court finds she is entitled to attorney fees in the amount of Six Thousand Five Hundred and Eighty-Two Dollars and Sixty-Three Cents ($6,582.63). Despite Plaintiff's request for the Court to make the fee payable directly to her attorney, as an assignee, the Court must instead make the fee payable to Plaintiff as the litigant. *See Astrite v. Ratliff*, 560 U.S. 586, 593 (2010) (holding EAJA fees are payable to the prevailing party and may be subject to offset to satisfy any pre-existing debt owed to the United States); *see also Johnson v. Colvin*, No. 4:11-CV-1599 AGF, 2013 WL 5567711, at *1 (E.D. Mo. Oct. 9, 2013) ("The Court understands *Ratliff* to require that the EAJA award be made directly to Plaintiff."); *Madison v. Astrue*, No. 4:11-CV-238-TIA, 2012 WL 2919135, at *1 (E.D. Mo. July 17, 2012) (providing award of attorney fees directly to the plaintiff despite the execution of an assignment agreement) (citing *Sumpter v. Astrue*, No. 2:10-CV-35-AGF, 2012 WL 88088, at *1 (E.D. Mo. Jan. 11, 2012)).

The Court notes Defendant's Response incorrectly states that Plaintiff also seeks reimbursement of the filing fee in the amount of $402.00. Plaintiff does not make such a request in her Motion for Attorney's Fees. To the contrary, on the same date Plaintiff filed her complaint, she also filed a motion to proceed in this action without prepayment of fees or costs. ECF No. 2. On December 30, 2020, the Court determined Plaintiff was unable to pay the filing fee and granted

her leave to proceed *in forma pauperis*. Because Plaintiff has not paid a filing fee in this action, no reimbursement can be awarded.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Brandi R. Hunt's Motion for Attorney's Fees pursuant to the Equal Access to Justice Act [ECF No. 32] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Commissioner of Social Security Administration shall pay attorney fees under the Equal Access Justice Act in the amount of Six Thousand Five Hundred and Eighty-Two Dollars and Sixty-Three Cents ($6,582.63).

**IT IS FURTHER ORDERED** that the award of attorney fees shall be made payable to Plaintiff Brandi R. Hunt, subject to any pre-existing debt that the Plaintiff owes the United States, and the check should be mailed to Plaintiff's counsel at David D. Camp, Access Disability LLC, 1215 Fern Ridge Parkway, Suite 101, St. Louis, Missouri 63141.

So Ordered this 10th day of January, 2022.

*/s/ Stephen R. Welby*
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE